JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

STEPHEN G. CORRIGAN (MASBN 100560)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3701
Fax: (510) 637-3724
Email: stephen.corrigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAY MILLER,<br><br>    Defendant. | No. CR 07-00638 DLJ<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: March 7, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom no. 1 |

Defendant Jay Miller is scheduled to be sentenced on March 7, 2008 at 10:00 a.m. for his plea of guilty to the violation of 18 U.S.C. § 2314, Interstate Transportation of Stolen Goods, charged by Information. The Probation Office concurs with the guidelines calculation contained in the plea agreement, that is, an adjusted offense level 15. With a criminal history category II, the defendant faces a term of imprisonment of 18-24 months. The government recommends that the defendant be sentenced to a custody term of 18 months.

## BACKGROUND

Defendant Jay Miller was charged on June 7, 2007, by complaint in New Hampshire for the interstate transportation of stolen goods. Following the defendant's arrest in California, he was charged in a one-count information in this district with the violation of 18 U.S.C. § 2134, Interstate Transportation of Stolen Goods. On November 16, 2007, the defendant plead guilty to the lone charge pursuant to the terms of a written plea agreement.

## FACTS

**The Offense**

The defendant acknowledges in the plea agreement that on February 17, 2007, he broke into and burglarized a residence in Madison, New Hampshire, stealing several hundred rare and antique books from the library of the Hocking estate, along with the card catalog which documented the book collection, and several other items, including an antique clock. The defendant packaged the books and other stolen items and mailed them from a post office in New Hampshire to his home address in Berkeley, California. The defendant acknowledges that the stolen items shipped to California in interstate commerce are valued in excess of $200,000. *See* Plea Agreement at ¶ 2.

The defendant reported to the Probation Officer that he was well-acquainted with the family that owned the stolen books. The defendant's domestic partner, Jemima Farwell, with whom he had a child, was the granddaughter of the son of William Ernest Hocking, who had collected and owned the rare books. Upon William Hocking's death in 1966, the grandfather inherited the collection of rare books. According to the defendant, prior to his death, the grandfather made the defendant promise to take care of the books. PSR at ¶ 16. The defendant reported that he made several attempts to convince the Hocking family to take better care of the books, but the family refused to comply. *Id.* at 17. The defendant claims he took the books to protect them and had no plans to sell the books for money. *Id.* at ¶ 18. The defendant further represents that when he committed the crime he was high on heroin (*Id.* at 19), while admitting that when he broke into the

U.S.' Sentencing Memorandum
CR 07-00638                                       2

house, he went through dresser drawers, broke a window, and stole items besides the books to make it appear to be a common burglary. *Id.* at 20.

After the Hocking family reported the theft to the police, and the defendant received a telephone call from the FBI concerning the theft, the defendant decided to return the books. PSR at ¶ 21. To avoid drawing suspicion, the defendant paid another person to assist the defendant in transporting the books from Berkeley, California to Las Vegas, Nevada, from where they shipped the books back to New Hampshire. The defendant admits that he did not return all the books, reporting that he inadvertently left 10-15 books behind. *Id.* at ¶ 22.

**Guidelines Calculations**

The parties and the probation officer agree that the base offense level for the interstate transportation of stolen goods is base offense level 6, plus 12 levels for an intended loss of more than $200,000 but less than $400,000, minus 3 levels for early acceptance, resulting in an adjusted offense level 15. *See* PSR at ¶¶ 32-42; Plea Agreement at ¶ 7.

The plea agreement does not include a criminal history category. The PSR reports that the defendant has suffered one misdemeanor conviction in 2003 for failure to register as a sex offender (PSR at ¶ 46), and two prior felony convictions, one in 1994 for lewd and lascivious conduct with a child (*Id.* at ¶ 45) and one in June 29, 2007 for an assault which occurred on February 24, 2007. *Id.* at ¶ 47. The PSR credits the defendant with one criminal history point for the misdemeanor conviction and one criminal history point for the 2007 assault conviction. *Id.* at ¶ 48. The PSR also adds 2 criminal history points, finding that the instant offense was committed while under a criminal justice sentence. *Id.* at ¶ 49. However, the instant offense appears to have preceded the felony assault offense of February 24, 2007 in San Francisco, and the subsequent sentence imposed on June 29, 2007, and further occurred after the defendant would have completed the 3 years probation term for the 2003 offense, for which he was sentenced on October 10, 2003. Thus it appears that the defendant should not receive the additional 2 points pursuant to

U.S.S.G. § 4A1.1(d). Without the 2 additional points, the defendant would have 2 criminal history points and a criminal history category II, resulting in a range of 18-24 months imprisonment.

## **RECOMMENDATION**

Despite the defendant's contentions that his theft of the books was not for monetary gain, but only to emphasize to the Hocking family the importance of properly caring for the books, common sense and the evidence suggests otherwise. It was not until after the defendant was contacted by the FBI that he decided to return the books, and then did so in a manner to protect his involvement in the crime. Moreover, some of the books remain missing and e-mails on the defendant's computer references the sales of the stolen books on E-Bay.

Considering all the factors as outlined in 18 U.S.C. § 3553, and the facts before the court, including defendant's two prior felony convictions and his misdemeanor conviction, his admitted drug usage, his theft from victims with whom he was friends, and his return of the majority of the stolen books after he had been targeted as a suspect, the government recommends a sentence of 18 months imprisonment, followed by a three-year term of supervised release, no fine, and restitution of at least $10,295 plus the cost of re-cataloging the books, up to an additional $10,000, and a penalty assessment of $100.

DATED: February 29, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

STEPHEN G. CORRIGAN
Assistant United States Attorney